**AFFIRMED; Opinion Filed January 29, 2015.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00869-CV

**RODNEY SHARP AND/OR ALL OCCUPANTS OF 7501 ASHCREST LN DALLAS, TEXAS 75249, Appellants**

**V.**

**WOODRIDGE PROPERTIES COMPANY LP, Appellee**

**On Appeal from the County Court at Law No. 3
Dallas County, Texas
Trial Court Cause No. CC-13-00238-C**

## MEMORANDUM OPINION

Before Justices Bridges, Lang-Miers, and Myers
Opinion by Justice Myers

Rodney Sharp and/or all occupants of 7501 Ashcrest Ln. Dallas, Texas 75249 appeal the trial court's judgment awarding possession of the property to Woodridge Properties Company LP. Appellants bring two issues on appeal contending (1) Woodridge failed to allege it had standing to bring the forcible detainer action; and (2) Woodridge failed to establish that it had authority to enforce the terms of the deed of trust. We affirm the trial court's judgment.

### BACKGROUND

Woodridge alleged it acquired the property under a special warranty deed. The property had been foreclosed under a deed of trust and sold at the foreclosure auction to Wells Fargo Bank. Wells Fargo deeded the property to Woodridge. The deed of trust signed by Sharp provided that in the event of foreclosure, persons in possession of the property would become tenants at sufferance. Woodridge alleged the deed of trust stated that if the tenants at sufferance

did not surrender possession of the property upon demand, then the purchaser would be entitled to institute an action for forcible detainer.[1] Woodridge alleged it became the landlord and appellants became tenants at sufferance as provided by the deed of trust, and appellants refused Woodridge's written demand to surrender the property. Woodridge prayed for "judgment for the restitution of such premises." Following a hearing, the trial court awarded possession of the property to Woodridge.

## FORCIBLE DETAINER

In their first issue, appellants contend Woodridge failed to allege it had standing to bring this forcible detainer action. Standing is a component of subject-matter jurisdiction and is a constitutional prerequisite to maintaining a lawsuit. *In re I.I.G.T.*, 412 S.W.3d 803, 805 (Tex. App.—Dallas 2013, no pet.). A person has standing if: (1) he has sustained, or is immediately in danger of sustaining, some direct injury as a result of the defendant's wrongful act; (2) he has a direct relationship between the alleged injury and the claim being adjudicated; (3) he has a personal stake in the controversy; (4) the challenged action has caused him some injury in fact, either economic, recreational, environmental, or otherwise; or (5) he is an appropriate party to assert the public's interest in the matter, as well as his own. *Asshauer v. Wells Fargo Foothill*, 263 S.W.3d 468, 471 (Tex. App.—Dallas 2008, pet. denied). The plaintiff has the burden of alleging facts, which if taken as true, affirmatively demonstrate a court's jurisdiction to hear a case. *Id.*; *Nausler v. Coors Brewing Co.*, 170 S.W.3d 242, 248 (Tex. App.—Dallas 2005, no pet.).

---

[1] The deed of trust was attached to the petition. Section 21 of the deed of trust included the following:

> If the property is sold pursuant to this paragraph 21, Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

Appellants assert that "Woodridge has alleged no facts which, if taken as true, establish the Court's jurisdiction." We disagree. Woodridge alleged it acquired the property through a special warranty deed, a copy of which was attached to the petition and incorporated by reference into it. The special warranty deed showed the property was transferred to Woodridge by Wells Fargo Bank, N.A. A substitute trustee's deed attached to the petition shows the property was sold to Wells Fargo in a foreclosure auction on July 3, 2012. Woodridge alleged that the deed of trust under which the property was foreclosed made appellants tenants at sufferance and that Woodridge became appellants' landlord. Woodridge also alleged it gave appellants notice to vacate the property and that they failed to do so. These allegations were sufficient to allege Woodridge sustained a direct injury as a result of appellants' wrongful act. Accordingly, we conclude the allegations in Woodridge's petition were sufficient to demonstrate its standing to bring suit. *See Fed. Nat'l Mortg. Ass'n v. Ephriam*, No. 05-13-00984-CV, 2014 WL 2628036, *2 (Tex. App.—Dallas June 12, 2014, no pet.) (mem. op.). We overrule appellants' first issue.

In their second issue, appellants contend the trial court erred by granting possession of the property to Woodridge because Woodridge failed to prove it was entitled to possession. Appellants also contend Woodridge failed to prove it had the authority to enforce the terms of the deed of trust. Appellants also argue Woodridge did not present any evidence at trial establishing its standing. Appellants did not request the trial court make findings of fact and conclusions of law, and they did not request that the court reporter prepare a reporter's record. When there is no reporter's record and findings of fact and conclusions of law are neither properly requested nor filed, the judgment of the trial court implies all necessary findings of fact to sustain its judgment. *Waltenburg v. Waltenburg*, 270 S.W.3d 308, 312 (Tex. App.—Dallas

2008, no pet.). Accordingly, we must presume sufficient facts support the judgment. We overrule appellants' second issue.

## SANCTIONS

Woodridge asserts the appeal is frivolous and requests that we award damages under rule 45 of the Texas Rules of Appellate Procedure. Appellant did not respond to Woodridge's request for damages. Rule 45 states that if the court of appeals "determines that an appeal is frivolous, it may . . . award each prevailing party just damages." TEX. R. APP. P. 45. In this case, the trial court required appellant to supersede the judgment by paying into the registry of the court $650 per month. The supersedeas bond in a forcible detainer case "provide[s] protection for the appellee to the same extent as in any other appeal, taking into consideration the value of rents likely to accrue during appeal, damages which may occur as a result of the stay during appeal, and other damages or amounts as the court may deem appropriate." TEX. PROP. CODE ANN. § 24.007(a) (West 2014); *see Baxter v. Gates of Normandie*, No. 05-03-00245-CV, 2004 WL 303594, *1 (Tex. App.—Dallas Feb. 18, 2004, no pet.) (mem. op.) ("A supersedeas bond is intended to indemnify the judgment creditor from losses caused by delay of appeal."). Woodridge does not explain, and the record does not show, how Woodridge suffered any damages from the appeal beyond the $650 per month in the supersedeas bond.

Woodridge requests that we order the supersedeas amounts released to it immediately. However, the fact that the trial court ordered appellant to pay a supersedeas amount of $650 per month into the registry of the trial court does not mean Woodridge is entitled to the full amount. Instead, Woodridge must show the extent of its damage or loss during the appeal. *See Baxter*, 2004 WL 303594, at *1. Because this determination involves fact findings not established by the record, the damages cannot be determined in an appellate court but must be determined in the

trial court by proof of facts transpiring after judgment and during the pendency of the appeal. *See id.*

Accordingly, without determining whether the appeal is frivolous, we deny Woodridge's request for damages under rule 45.

## CONCLUSION

We affirm the trial court's judgment.

/Lana Myers/
LANA MYERS
JUSTICE

130869F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

RODNEY SHARP AND/OR ALL
OCCUPANTS OF 7501 ASHCREST LN
DALLAS, TEXAS 75249, Appellants

No. 05-13-00869-CV          V.

WOODRIDGE PROPERTIES COMPANY
LP, Appellee

On Appeal from the County Court at Law
No. 3, Dallas County, Texas
Trial Court Cause No. CC-13-00238-C.
Opinion delivered by Justice Myers. Justices
Bridges and Lang-Miers participating.

       In accordance with this Court's opinion of this date, the judgment of the trial court is
**AFFIRMED**.

       It is **ORDERED** that appellee WOODRIDGE PROPERTIES COMPANY LP recover its
costs of this appeal from appellants RODNEY SHARP AND/OR ALL OCCUPANTS OF 7501
ASHCREST LN DALLAS, TEXAS 75249.

Judgment entered this 29th day of January, 2015.